IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OLIVER JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-00239-AGF |
| | ) | |
| JAY CASSADY, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the pro se petition of Missouri state prisoner Oliver Johnson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 9, 2010, Petitioner pleaded guilty to one count of stealing a motor vehicle and was thereafter sentenced as a prior and persistent offender to 12 years' imprisonment. For federal habeas relief, Petitioner claims that his plea counsel was constitutionally ineffective for (1) telling Petitioner that he would receive credit toward the service of his sentence for the time he spent in federal and state custody from January 2008 to November 2010, and (2) not advising Petitioner that he would have to serve 40% of his sentence before he was eligible for parole. For the reasons set forth below, federal habeas relief will be denied.

# BACKGROUND

In January 2008, Petitioner was charged with one count of stealing a motor vehicle. Petitioner was taken into custody on this charge and held until March 2008, when he was released on bond. However, Petitioner was thereafter taken into federal

custody in California on a prior federal charge. Petitioner returned to St. Louis at some point before the November 8, 2010 trial setting on the Missouri charge.

On November 9, 2010, during jury selection, Petitioner informed the trial court that he had reached a plea agreement with the State. The court held a plea hearing that day. At the hearing, Petitioner stated that he understood the charge and that his appointed counsel had explained to him the elements of the offense. He stated that he had sufficient time to discuss the charge with counsel, that counsel had answered all of his questions, and that he was satisfied with counsel's services. Petitioner told the court that he understood that he was pleading guilty to a Class C felony as a prior and persistent offender, which carried a punishment range of up to 15 years' incarceration, and that he agreed to accept the State's sentence recommendation of 12 years' incarceration. Petitioner also stated that he understood that the court could not guarantee how much of his sentence he would have to serve before being eligible for parole because that issue was "up to the people at the Department of Corrections." Finally, Petitioner stated that his attorney had not promised him anything to get him to plead guilty.

The court accepted Petitioner's guilty plea, finding that there was a factual basis for the charge against Petitioner and that Petitioner's guilty plea was voluntarily and intelligently made with a full understanding of the charge and consequences of pleading guilty. The same day, the court sentenced Petitioner to 12 years' imprisonment. At the time of sentencing, the court stated that it would "give Mr. Johnson credit for any jail time that he's accumulated in connection with this case."

## State Post-Conviction Proceedings

Petitioner sought state post-conviction relief raising the same claims raised in this habeas petition. Post-conviction relief was denied by the motion court following an evidentiary hearing held on September 28, 2012.

Petitioner testified at the evidentiary hearing that, before pleading guilty, he asked his plea counsel if he could get credit for jail time and counsel told him that he would get such credit. Petitioner also testified that his plea counsel never told him that he would have to serve 40% of his sentence before being eligible for parole, and that if he had known that, he would not have pleaded guilty. Petitioner testified that, at the time he pleaded guilty, he believed that he would receive credit for all of the time he spent incarcerated since January 2008, including the time spent in federal custody, and that he would be eligible for parole immediately. Instead, Petitioner testified that the Department of Corrections gave him only 52 days of such credit (for the time spent in custody on the charge in this case, from January to March 2008), and told him he would have to serve 40% of his sentence before being eligible for parole.

Plea counsel testified at the evidentiary hearing that he never told Petitioner that Petitioner would receive credit for the entire amount of time he was incarcerated from January 2008 to November 2010. Plea counsel testified that he did not know how much credit Petitioner would receive but that he could have told Petitioner that Petitioner would be entitled to credit on the time he served "in this case," without giving Petitioner any specific amount of time that would be credited. As to how much time Petitioner would have to serve before becoming eligible for parole, plea counsel testified that he did not

3

recall discussing this issue with Petitioner and that he never informed Petitioner that he would have to serve a certain amount of time before he was eligible for parole.

The motion court rejected Petitioner's claims that his guilty plea was involuntary because of ineffective assistance of plea counsel. With respect to Petitioner's first claim, the motion court noted that Petitioner stated at the guilty plea hearing that he received no promises of any kind to induce his plea. The motion court also found credible plea counsel's testimony that he did not advise Petitioner that he would receive credit for a particular amount of the time he had been incarcerated. The motion court did not find credible Petitioner's testimony that plea counsel affirmatively misinformed Petitioner that he would receive credit for all of the time that he had been incarcerated, including the time he spent in federal custody.

Regarding Petitioner's second claim, the motion court held that neither plea counsel nor the court had an affirmative constitutional duty to inform Petitioner of the "collateral consequences" of his plea, including the length of time to be served before eligibility for parole. The motion court noted that providing erroneous advice about parole eligibility could affect the voluntariness of Petitioner's plea, but the court held that there was no credible evidence that the court or plea counsel gave Petitioner incorrect advice regarding his parole eligibility. On December 17, 2013, the Missouri Court of Appeals affirmed the motion court's decision.

In his petition for a writ of habeas corpus, Petitioner raises the two grounds set forth above. Respondent contends that federal habeas relief must be denied with respect

to Petitioner's claims because the state courts' adjudication of these claims was legally and factually reasonable.

## DISCUSSION

Where a claim has been adjudicated on the merits in state court, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that application for a writ of habeas corpus cannot be granted unless the state court's adjudication:

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

> "[C]learly established Federal law" for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions. And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (citations omitted).

**Assistance of Plea Counsel**

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In the context of a guilty plea, a defendant who pleaded guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of

5

counsel. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (applying *Strickland* to the guilty plea context).

To show ineffective assistance of counsel, a habeas petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Strickland*, 466 U.S. at 687; *see also Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014). Deficient performance means "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To establish prejudice in the context of a guilty plea, a habeas petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

When, as here, an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *See Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (citation omitted). It is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

Here, the state courts' determination that Petitioner failed to show ineffective assistance of plea counsel so as to render his plea involuntary is fully supported by the record and does not contravene or unreasonably apply clearly established Supreme Court

6

precedent. With respect to the first claim, Petitioner has failed to rebut the state court's credibility determination, that plea counsel never advised Petitioner that he would receive credit for all of the time that he had been incarcerated from January 2008 to November 2010. The Court is therefore bound by that determination, which is supported by the record and dispositive of Petitioner's first claim. *See Grass v. Reitz*, 749 F.3d 738, 743 (8th Cir. 2014) (holding that a state court's credibility findings are owed the same deference as its factual findings, meaning that they "shall be presumed to be correct, 28 U.S.C. § 2254(e)(1), and [the petitioner] has the burden of rebutting this presumption of correctness by clear and convincing evidence") (citations omitted).

As to the second claim, the state court's conclusion that plea counsel had no affirmative constitutional duty to inform Petitioner about the specifics of parole eligibility was not contrary to clearly established federal law. *See Plunk v. Hobbs*, 766 F.3d 760, 769 (8th Cir. 2014) (holding that although some state courts "have extended the reasoning of the Supreme Court's decision in *Padilla v. Kentucky,* 559 U.S. 356, 369, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)—concerning advice about deportation consequences—to require advice about parole eligibility, any such extension of the Sixth Amendment would be a new rule of constitutional law, inapplicable on collateral review") (internal citations omitted). In any event, the state court also found that there was no credible evidence that plea counsel gave Petitioner incorrect advice about his parole eligibility, and Petitioner has failed to rebut this factual determination. Indeed, the record reflects Petitioner's clear acknowledgement at the plea hearing that he wished to plead guilty with the understanding that the sentencing court could not guarantee when he

7

would be eligible for parole. Therefore, Petitioner cannot demonstrate prejudice.

For these reasons, the Court will deny Petitioner's claims.

## **CONCLUSION**

The Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, the Court does not believe that reasonable jurists might find the Court's assessment of the procedural or substantive issues presented in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2254(d)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (standard for issuing a Certificate of Appealability) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Oliver Johnson for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not be issued in this case.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2017.